DAVE THOMPSON v. STATE.

No. A-815.    Opinion Filed November 11, 1911.

Appeal from Superior Court, Muskogee County; F. L. McCain, Judge.

PER CURIAM.   On the 5th day of March, 1910, judgment was rendered against the appellant in the superior court of Muskogee county for a violation of the prohibitory liquor law, and his punishment assessed at a fine of one hundred dollars and imprisonment in the county jail for a period of thirty days.   The amended case-made shows that appelland was given 90 days from said date in which to file petition in error· and case-made in this court.   But the case-made was not filed in this court until the 23rd day of June, 1910, which was nineteen days after the expiration of the time allowed by the trial court.   Therefore this court did not acquire jurisdiction of the appeal.   Errors appear in the record for which the judgment of the lower court would have been reversed if the appeal had been filed in time to give this court jurisdiction, but as it is we are without discretion to do otherwise than to dismiss the appeal.   The appeal is, therefore, dismissed.

JOE CUNEO v. STATE.

No. A-904.    Opinion Filed November 11, 1911.

Appeal from Comanche County Court; James H. Wolverton, Judge.

Joe Cuneo was convicted of a violation of the prohibition law, and appeals.   Appeal dismissed.

PER CURIAM.   Joe Cuneo was convicted of a violation of the prohibition law and was sentenced to serve a term of sixty days in the county′jail, and to pay a fine of one hundred dollars.   The judgment and sentence was entered on April 21, 1910.   An appeal was attempted to be taken by filing in this court on September 21, 1910, petition in error with case-made, the same being more than one hundred and twenty days after the rendition of such judgment.   For this reason the Attorney General has filed a motion to dismiss for want of jurisdiction. The motion is well taken.   It is therefore ordered that the appeal be and the same is hereby dismissed and the cause remanded to the county court of Comanche county with direction to enforce its judgment therein.